IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL ACTION** |
| | : | |
| vs. | : | |
| | : | |
| **LEON HENRY** | : | **NO. 06-33-02** |
| | : | |

ORDER AND MEMORANDUM

ORDER

**AND NOW**, this 28th day of June, 2007, upon consideration of defendant Leon Henry's counseled Motion for Judgment of Acquittal Pursuant to Federal Rule 29 of the Federal Rules of Criminal Procedure (Document No. 505, filed June 5, 2007); defendant Leon Henry's *pro se* Motion for Judgment of Acquittal Pursuant to Rule 29 (Document No. 506, filed June 11, 2007); defendant Leon Henry's *pro se* Motion for Judgment of Acquittal Notwithstanding the Verdict, or in the Alternative, For a New Trial (Document No 511, filed June 12, 2007); the Government's Response to Defendant's Motion for Judgment of Acquittal (Document No. 513, filed June 21, 2007); and the Government's letter to the Court dated June 26, 2007;[1] **IT IS ORDERED THAT** defendant Leon Henry's counseled Motion for Judgment of Acquittal Pursuant to Federal Rule 29 of the Federal Rules of Criminal Procedure (Document No. 505); defendant Leon Henry's *pro se* Motion for Judgment of Acquittal Pursuant to Rule 29 (Document No. 506); and defendant Leon Henry's *pro se* Motion for Judgment of Acquittal Notwithstanding the Verdict, or in the Alternative, For a New Trial (Document No 511) are **DENIED**.

---

[1] A copy of the June 26, 2007 letter shall be docketed by the Deputy Clerk.

**MEMORANDUM**

The Court first addresses defendant Leon Henry's counseled Motion for Judgment of Acquittal Pursuant to Federal Rule 29 of the Federal Rules of Criminal Procedure. The motion turns on the question whether an in-court witness identification of defendant was required for the government to meet their burden of proof in this case. Because a reasonable jury could have inferred the identity of defendant from all of the facts and circumstances that were in evidence at trial, defendant's counseled Motion for Judgment of Acquittal Pursuant to Federal Rule 29 of the Federal Rules of Criminal Procedure is denied.

Also before the Court are two *pro se* motions: (1) a Motion for Judgment of Acquittal Pursuant to Rule 29; and (2) a Motion for Judgment of Acquittal Notwithstanding the Verdict, or in the Alternative, for a New Trial. Defendant's *pro se* motions are denied because defendant did not follow the Court ordered procedure for filing *pro se* motions while defendant was represented by counsel. Independent of this reason, defendant's *pro se* motions lack merit, and are denied for that additional reason.

**I.    BACKGROUND**

On March 20, 2007, defendant Leon Henry was charged in a Second Superceding Indictment with: (1) conspiracy to make false statements to a federal firearms licensee from in or about August 2003 to in or about October 2003, in violation of 18 U.S.C. § 371 (Count One); (2) making false statements to a federal firearms licensee, on or about October 3, 2003, in violation of 18 U.S.C. § 924(a)(1)(A) and 18 U.S.C. § 2 (Count Two); (3) possessing a firearm as a convicted felon, on or about October 3, 2003, in violation of 18 U.S.C. § 922(g)(1) (Count Three); and (4) conspiracy to commit armed bank robbery of the National Penn Bank in

Philadelphia, Pennsylvania, from in or about September 2003 to in or about October 2003, in violation of 18 U.S.C. § 371 (Count Four).

On May 31, 2007, at the close of evidence, defense counsel orally moved for judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29 on all four counts in the Second Superceding Indictment. May 31, 2007 Tr. at 86. Defense counsel did not articulate the specific basis for the oral motion. Id. The Court denied the motion for judgment of acquittal on the ground that "the Government [had] provided ample evidence" to support each of the counts. Id. at 86-87.

On June 1, 2007, a jury found defendant guilty on Counts One, Two, and Three, and not guilty on Count Four, the count charging conspiracy to commit armed bank robbery.

On June 5, 2007, defense counsel filed a Motion for Judgment of Acquittal Pursuant to Federal Rule 29 of the Federal Rules of Criminal Procedure. On June 11, 2007, defendant filed a *pro se* Motion for Judgment of Acquittal Pursuant to Rule 29. On June 12, 2007, defendant filed a *pro se* Motion for Judgment of Acquittal Notwithstanding the Verdict, or in the Alternative, For a New Trial. All of these motions were timely filed.[2]

## II.   STANDARD OF REVIEW

### A.   Motion for Judgment of Acquittal

A motion for judgment of acquittal under Rule 29 of the Federal Rules of Criminal

---

[2] "A defendant may move for a judgment of acquittal, or renew such a motion, within 7 days after a guilty verdict or after the court discharges the jury, whichever is later." Fed. R Crim. P. 29. "Any motion for a new trial grounded on any reason other than newly discovered evidence must be filed within 7 days after the verdict or finding of guilty." Fed. R. Crim. P. 33. The last motion, the Motion for Judgment of Acquittal Notwithstanding the Verdict, or in the Alternative, For a New Trial, was filed seven days after the Court discharged the jury.

Procedure may only be granted where the evidence is insufficient to sustain the conviction.[3] United States v. Gonzales, 918 F.2d 1129, 1132 (3d Cir. 1990). The court must determine whether the Government has adduced "substantial evidence to support the jury's guilty verdict." United States v. Wexler, 838 F. 2d 88, 90 (3d Cir. 1988).

In ruling on such a motion, a court may not weigh the evidence, nor may it make credibility determinations which are within the domain of the jury. Rather, the court must consider the evidence in the light most favorable to the Government, draw all reasonable inferences in favor of the Government, and "presume that the jury has properly carried out its function of evaluating credibility of witnesses, finding the facts, and drawing justifiable inferences." United States v. Wasserson, 418 F.3d 225, 237 (3d Cir. 2005). Viewing the evidence in its entirety, the verdict must be upheld unless "no reasonable juror could accept the evidence as sufficient to support the conclusion of the defendant's guilt beyond a reasonable doubt." United States v. Coleman, 811 F.2d 804, 807 (3d Cir. 1987).

**B.     Motion for a New Trial**

Under Rule 33 of the Federal Rules of Criminal Procedure, the Court may grant a defendant's motion for a new trial if required in the interest of justice.[4] "Whether to grant a Rule 33 motion lies within the district court's sound discretion." United States v. Polidoro, 1998 WL

---

[3] Federal Rule of Criminal Procedure 29(a) provides, in pertinent part: "The court on motion of a defendant or of its own motion shall order the entry of judgment of acquittal . . . if the evidence is insufficient to sustain a conviction of such offense or offenses."

[4] Federal Rule of Criminal Procedure 33(a) provides, in pertinent part: "Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires. If the case was tried without a jury, the court may take additional testimony and enter a new judgment."

634921, at *4 (E.D. Pa. Sept. 16, 1998) (citing United States v. Mastro, 570 F.Supp. 1388, 1390 (E.D. Pa. 1983)).  In exercising its discretion, the court may grant a motion for a new trial on one of two grounds. First, the court may grant the motion "if, after weighing the evidence, it determines that there has been a miscarriage of justice."  United States v. Terlingo, 2001 WL 474407, *1 (E.D. Pa. April 30, 2001).  Second, the court "must grant a new trial if trial error had a substantial influence on the verdict."  Id. at 1184; see also Government of the Virgin Islands v. Bedford, 671 F.2d 758, 762 (3d Cir. 1982) ("The reviewing court must decide whether the error itself had substantial influence [on the minds of the jury.]" (alteration in original) (quotation omitted)).

### III.   DISCUSSION: DEFENDANT'S COUNSELED MOTION

Defendant argues that, although several witnesses identified a "Leon Henry" as the individual involved in strawpurchasing of firearms, no witness identified this "Leon Henry" as the Leon Henry on trial.  Def.'s Counseled Mot. ¶ 8.  In other words, defendant argues that there is insufficient evidence to prove that he is the same "Leon Henry" that perpetrated the crimes charged in Counts One, Two, and Three of the Second Superceding Indictment.  Because a reasonable jury could have inferred the identity of defendant from all of the trial evidence, this argument is rejected.

#### A.   Legal Standard

"Identification of the defendant as the person who committed the charged crime is always an essential element which the government must establish beyond a reasonable doubt."  United States v. Alexander, 48 F.3d 1477, 1490 (9th Cir. 1995), cert. denied 516 U.S. 878 (1995) (citing United States v. Telfaire, 469 F.2d 552, 555 (D.C. Cir. 1972)); see also United States v. Wilford,

5

493 F.2d 730, 735 (3d Cir. 1974) (citing Telfaire, 469 F.2d at 555); United States v. Barber, 442 F.2d 517 (3d. Cir. 1971).  Courtroom identification by a witness is not always necessary to prove this essential element beyond a reasonable doubt.  United States v. Fern, 696 F.2d 1269, 1276 (11th Cir. 1983).  "A witness need not physically point out a defendant so long as the evidence is sufficient to permit the inference that the person on trial was the person who committed the crime."  United States v. Taylor, 900 F.2d 779, 782 (4th Cir. 1990).  "[I]dentification can be inferred from all the facts and circumstances that are in evidence."
United States v. Weed, 689 F.2d 752, 755 (7th Cir. 1982).

For example, in Delegal v. United States, 329 F.2d 494  (11th Cir. 1964), cert. denied, 379 U.S. 821 (1964), a defendant named Joe Delegal "urge[d] that there is no proof which identified him as the [same] Joe Delegal to whom liquor was delivered."  Id. at 494.  In a very brief opinion, the Eleventh Circuit held that "[w]hile it would have been better if the witness who testified as to the delivery of the whiskey had pointed out the appellant as the person to whom it was delivered, the evidence was sufficient to permit the inference that the defendant on trial was the person who received the liquor."  Id.

In contrast, in United States v. Darrell, 629 F.2d 1089 (11th Cir. 1980), the Eleventh Circuit held that, although "a jury could infer that the foregoing transactions occurred and that someone using the same name as the defendant participated in them[,] [n]either oral testimony nor documentary evidence identified the defendant as this person."  Id. at 1091.  In that case, the government argued "that there was only one defendant and that the jury could infer that the person seated at the counsel table with defense counsel was one and the same person as the person referred to in oral and documentary evidence as Mr. Darrell."  Id.  The Eleventh Circuit

rejected that argument. Without a link between the "Mr. Darrell" referred to in the "oral and documentary evidence" and the Mr. Darrell on trial, the Eleventh Circuit reversed the district court with directions to enter a judgment of acquittal. Id. ("In the present case [Darrell] there is no evidence justifying such an inference.").

More recently, several courts have concluded that "the failure of any . . . witnesses to point out that the wrong man had been brought to trial [can be] eloquent and sufficient proof of identity." Alexander, 48 F.3d at 1490; Weed, 689 F.2d at 755; United States v. Dupre, 2004 WL 2914075, *4 (S.D.N.Y. Dec. 15, 2004) (noting that, "if witnesses who have met the defendant and could potentially identify her in court fail to point out that the wrong person has been brought to trial, this can constitute "eloquent and sufficient proof of identity."). In Alexander, however, the Ninth Circuit's decision was reinforced by the fact that a witness made affirmative mention of the defendant on trial:

> Both Deputy Best and Special Agent Cross testified regarding their contacts with the Gary Alexander who robbed the bank, and neither suggested that the Gary Alexander on trial was not that same man. In fact, *Deputy Best affirmatively stated the man she arrested for the bank robbery was "the Defendant Gary Alexander."*

Alexander, 48 F.3d at 1490 (emphasis added).

### B.     Analysis

Based on the reasoning in Alexander, 48 F.3d at 1490 and Darrell, 629 F.2d at 1089, the Court turns to the question whether there is sufficient affirmative evidence linking defendant Leon Henry to the "Leon Henry" referred to in witness testimony. The Court does not address the issue whether, without more, the failure of any witnesses to point out that the wrong man had been brought to trial would be sufficient to meet the government's burden of proof.

There is, unquestionably, sufficient evidence that a "Leon Henry" perpetrated the crimes charged in Counts One, Two, and Three of the Second Superceding Indictment. As the government points out in its Response to Defendant's Motion for Judgment of Acquittal, Tameka Niblack and Starlene Herbert both

> testified at trial that they were well acquainted with Leon Henry long before they straw purchased weapons for him, having had sex with him numerous times in exchange for money or drugs. Starlene Herbert testified that she attempted to purchase firearms for the Henry brothers from three different gun stores, and was arrested during her third attempt when a warrant for her arrest was discovered while processing her paperwork. Tameka Niblack went into five gun stores to make straw purchases during a one-week period in October of 2003, Starlene Herbert knew Leon Henry so well that she immediately recognized his voice when he reached out to her over the toilet bowl "system" at the FDC. and ultimately purchased a Glock 9mm semi-automatic weapon and a Bushmaster .223 caliber AR-15 rifle, both for defendant Leon Henry.

Resp at 3; see also Ms. Herbert, May 30, 2007 Tr. at 48-105; Ms. Niblack, May 30, 2007 Tr. at 105-61.

Defendant does not dispute the evidentiary basis for the jury's conclusion that a "Leon Henry" perpetrated the crimes charged in Counts One, Two, and Three of the Second Superceding Indictment.[5] Rather, defendant argues that "at no point in time was any witness asked if the Leon Henry they were referring to was in the courtroom." Counseled Mot. ¶ 8.

During the direct examination of Starlene Herbert, the government asked whether she knew "*defendant*, Leon Henry . . . ." May 30, 2007 Tr. at 48 (emphasis added). Starlene Herbert responded "Yes" and stated that she "knew Leon because I used to sleep with him for money." Id. During the direct examination of Tameka Niblack, the government asked whether she knew

---

[5] "There exists no dispute that 'Leon Henry' was referenced and referred to as the defendant throughout the course of the trial. Moreover, there exists no dispute that an individual named Leon Henry was the focus and subject of the witnesses testimony." Counseled Mot. ¶ 8.

"*defendant*, Leon Henry[.]" Id. at 105 (emphasis added). She responded "Yes" and stated that she knew "Leon through a friend of mine, Starlene. We used to have sex for money when I was in the active drug addiction." Id. Additionally, during the direct examination of Richard Holland, the government asked if he "saw the *defendant*, Leon Henry, firing the Bushmaster . . . AR-15[.]" Id. at 283 (emphasis added). He responded "Yes" and stated that he thought that he had "brought it with him." Id. The Court notes that, "[a]t no time did defense counsel object to the prosecution's references to 'the defendant.'" Weed, 689 F.2d at 756.

Moreover, Starlene Herbert testified that, prior to trial, she heard "defendant, Leon Henry's voice" through the plumbing system at the Federal Detention Center, and that defendant was attempting to communicate with her.[6] May 30, 2007 Tr. at 64 (noting that "some of the inmates [at the Federal Detention Center] use the toilet bowl . . . to communicate with other inmates"). According to Starlene Herbert, defendant was trying to convince her not to testify in his trial. Id. at 65-67. This evidence further connects the Leon Henry on trial with the "Leon Henry" referred to throughout Starlene Herbert's testimony.

---

[6] Starlene Herbert's testimony revealed that defendant was in custody prior to trial. The Court allowed the testimony because the government advised that it planned to call as a witness defendant's cell mate at the Federal Detention Center to testify about conversations with defendant regarding the alleged conspiracy to commit armed bank robbery. See May 31, Tr. at 51. As defense counsel explained:

> It's a situation, sir, where if we try to conceal where the conversations occurred, it may be just as transparent, if not moreso than the truth coming out, in terms of where they were, and when they spoke. And there may be tactical advantage to Mr. Henry, for me to have the jury here, where the [defendant's cell mate] is, the access he allegedly had to Mr. Henry.

May 29, 207 Tr. at 22. The Court notes that defendant was acquitted on Count Four, the count charging conspiracy to commit armed bank robbery.

9

The testimony of Starlene Herbert, Tameka Niblack, and Richard Holland evinces that in their testimony they were referring to the defendant Leon Henry on trial in this case, and not to any other "Leon Henry." Accordingly, the Court concludes that "the facts and circumstances . . . in evidence" constituted a sufficient basis for a reasonable juror to infer that defendant Leon Henry perpetrated the crimes charged in Counts One, Two, and Three of the Second Superceding Indictment. Alexander, 48 F.3d at 1490; see also Delegal, 329 F.2d at 494. The Court does not base its determination on "the failure of any . . . witnesses to point out that the wrong man had been brought to trial," see, e.g., Weed, 689 F.2d at 756, but rather upon the affirmative responses of Starlene Herbert, Tameka Niblack, and Richard Holland to the government's direct examination.

Viewing the evidence in its entirety, the verdict must be upheld because a "reasonable juror could accept the evidence as sufficient to support the conclusion of the defendant's guilt beyond a reasonable doubt." Coleman, 811 F.2d at 807. Accordingly, defendant's counseled Motion for Acquittal is denied.

## IV.   DISCUSSION: DEFENDANT'S *PRO SE* MOTIONS

Defendant advances the following arguments in support of his *pro se* motions, which ask for a judgment of acquittal or, in the alternative, a new trial: (1) "there has been no in-court identification to warrant a conviction[;]" (2) "the government has failed to prove the defendants [*sic*] possession of the AR-15 Bushmaster rifle serial # L195480 that is not in evidence nor has been recovered[;]" and (3) "the government has failed to provide discovery of Richard Holland

Grand Jury testimony and Jencks material prior to trial and after his testimony during trial."[7] The Court denies defendant's *pro se* motions because defendant did not follow the Court ordered procedure for filing *pro se* motions while defendant was represented by counsel. Independent of this reason, defendant's *pro se* motions lack merit, and are denied for that additional reason.

### A. Legal Standard

A criminal defendant has the right to be represented by counsel, or to proceed *pro se*. Compare Gideon v. Wainright, 372 U.S. 335, 344-45 (1963) with Faretta v. California, 422 U.S. 806, 819-20 (1975). However, a criminal defendant does not have a right to "hybrid representation;" he does not have the right to simultaneously be represented by counsel and appear *pro se*. McKaskle v. Wiggins, 465 U.S. 168, 183 (1984) (holding that a "defendant does not have a constitutional right to choreograph special appearances by counsel").

As the Third Circuit has enunciated, the Sixth Amendment does not "require a trial court to allow hybrid representation in which defendant and attorney essentially serve as co-counsel." United States v. Schwyhart, 123 Fed. App'x 62, 68 (3d Cir. 2005) (citing McKaskle, 465 U.S. at 183); see Hall v. Dorsey, 534 F. Supp. 507, 508 (E.D. Pa. 1982) ("Under federal law, a criminal defendant has the right to appear pro-se or by counsel. . . . There is no right to 'hybrid' representation - simultaneously pro-se and by counsel"); see also United States v. Mosely, 810 F.2d 93, 98 (6th Cir. 1987) (explaining some of the "obvious justifications for the refusal to allow hybrid representation in criminal trials").

---

[7] One of defendants' motions asks only for acquittal; the other asks for acquittal or a new trial. The issues presented by the motions are the same.

B.     Analysis

1.     Hybrid Representation

By Order dated March 26, 2007, the Court terminated the "procedure for filing *pro se* motions set forth in the Court's Order of November 21, 2006 . . . ." Order of March 26, 2007 at 3. "Under the November 21, 2006 Order defendant was granted leave to seek permission to file *pro se* motions in the event his attorney declined to file them." Id. In contrast, the March 26, 2007 Order specified that "[a]ny *pro se* motions which defendant seeks to file must be filed by his attorney and identified as a *pro se* motion."[8]  Id.

Defendant's *pro se* motions were not filed by his attorney. Accordingly, the Court exercises its discretion in disallowing hybrid representation in this case. See Schwyhart, 123 Fed. App'x at 68; Hall, 534 F. Supp. at 508. For this reason, defendant's *pro se* motions are denied.

2.     Merits

Defendant's *pro se* motions are denied for the additional reason that they lack merit. The Court addresses the merits of each of defendant's arguments in turn.

a.     In-Court Identification

---

[8] As the Court explained during the arraignment of the defendant on the Second Superceding Indictment,

> [In] the last November order . . . , I provided that Leon Henry could file pro se motions, only if he first presented them to you [defense counsel] and you declined and then only if I gave him permission to do so. So we're not going to utilize that course but . . . I encourage him to discuss with you what motions have to be filed. And if you choose to file them as counseled motions, fine. If you choose to file them as motions that were submitted by Mr. Henry with which you do not necessarily agree, that's fine too.

March 22, 2007 Tr. at 19-20.

Defendant argues that "there has been no in-court identification to warrant a conviction." The Court has already discussed at length why "the facts and circumstances . . . in evidence" constituted a sufficient basis for a reasonable juror to infer that defendant Leon Henry perpetrated the crimes charged in Counts One, Two, and Three of the Second Superceding Indictment. Weed, 689 F.2d at 752. Furthermore, "after weighing the evidence, [the Court] determines that there has [not] been a miscarriage of justice." Terlingo, 2001 WL 474407, at *1. Accordingly, neither a judgment of acquittal nor a new trial is warranted on this ground.

### b. The AR-15 Bushmaster Rifle Serial # L195480

Defendant argues that "the government has failed to prove the defendants [*sic*] possession of the AR-15 Bushmaster rifle serial # L195480 that is not in evidence nor has been recovered." Count Three of the Second Superceding Indictment charges defendant with possession of a firearm, an AR-15 Bushmaster rifle serial # LI95480, by a convicted felon, on or about October 3, 2003.

At trial, Tameka Niblack testified as follows with respect to her purchase of the AR-15 Bushmaster rifle, serial # LI95480:

> Leon came back to let me know the location of the gun and gave me the money for the gun. . . . I left the vehicle, went into the store, asked for a AR-15 Olympics Arms model but they didn't have that model, they had a Bushmaster and . . . that's the purchase that I made.
> \* \* \*
> I walked out of the shop with a gun case [containing the Bushmaster] and went back to the vehicle, gave it to Leon and he . . . looked at it briefly and put it in the trunk of [Andre Henry's] car.

May 30, 2007 Tr. at 117-20.

Tameka Niblack confirmed that she signed a firearm transaction record ("ATF Form 4473") for the Bushmaster. Id. at 118. She further confirmed that the serial number on

theBushmaster was L195480,[9] as stated on the ATF Form 4473.  Id. at 118.

Additionally, during the direct examination of Richard Holland, the government asked him if he "saw the defendant, Leon Henry, firing the Bushmaster . . . AR-15[.]"  Id. at 283.  He responded "Yes" and stated that he thought that defendant Leon Henry had "brought it with him."  Id.

Viewing the evidence in its entirety, a "reasonable juror could accept the evidence as sufficient to support the conclusion of the defendant's guilt beyond a reasonable doubt" with respect to Count Three, possession of a firearm, the Bushmaster AR-15, by a convicted felon.  Coleman, 811 F.2d at 807.   Furthermore, "after weighing the evidence, [the Court] determines that there has [not] been a miscarriage of justice."  Terlingo, 2001 WL 474407, at *1.  Accordingly, neither a judgment of acquittal nor a new trial is warranted on this ground.

      c.     **Richard Holland's Grand Jury Testimony and Jencks Material**

Defendant argues that "the government has failed to provide discovery of Richard Holland Grand Jury testimony and Jencks material prior to trial and after his testimony during trial."

By letter dated June 26, 2007, the government informed the Court as follows with respect to this issue:

> Richard Holland did not testify before the federal Grand Jury, and therefore the transcript that the defendant seeks does not exists.  In addition Richard Holland made no "statement" that would qualify as Jencks Act material.  The only information provided by Richard Holland was detailed by agents in ATF investigative reports, all of which were turned over to the defendant months before trial commenced.

---

[9] The trial transcript erroneously states that the serial number of the Bushmaster was LI95480.  The ATF Form 4473 for the Bushmaster, which was shown to Tameka Niblack at trial, states the correct serial number of the Bushmaster: L195480.

Accordingly, neither a judgment of acquittal nor a new trial is warranted on this ground.

IV.     **CONCLUSION**

For the foregoing reasons, defendant Leon Henry's counseled Motion for Judgment of Acquittal Pursuant to Federal Rule 29 of the Federal Rules of Criminal Procedure, defendant Leon Henry's *pro se* Motion for Judgment of Acquittal Pursuant to Rule 29, and defendant Leon Henry's *pro se* Motion for Judgment of Acquittal Notwithstanding the Verdict, or in the Alternative, For a New Trial are denied.

**BY THE COURT:**

/s/ Honorable Jan E. DuBois
JAN E. DUBOIS, J.