IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES | CRIMINAL ACTION |
|---|---|
| v. | |
| LEON HENRY | NO. 06-33-02 |

DuBOIS, J.                                                         April 4, 2014

## MEMORANDUM

### I. INTRODUCTION

On June 1, 2007, after a jury trial, defendant Leon Henry was convicted of making false statements to a federal firearms licensee, possession of a firearm by a convicted felon, and conspiracy to make false statements to a federal firearms licensee. On November 25, 2008, this Court sentenced defendant to ninety-six months' imprisonment, three years of supervised release, an $800 fine, and a $300 special assessment.

On January 30, 2012, defendant filed a motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, which the Court denied on the merits. On October 10, 2014, defendant filed a motion under Federal Rule of Civil Procedure 60 and the All Writs Act, 28 U.S.C. § 1651, which the Court denied by Order dated February 25, 2014, as an impermissible second or successive habeas petition. Presently before the Court is defendant's *pro se* Motion for Reconsideration of the Court's February 25, 2014 Order. For the reasons that follow, defendant's Motion for Reconsideration is denied.

### II. BACKGROUND

The background of this case is set forth in detail in this Court's Memorandum dated November 21, 2012, *see United States v. Henry*, No. 06-33-02, 2012 WL 5881848 (E.D. Pa.

Nov. 21, 2012), and will be recited in this Memorandum only to the extent necessary to explain the Court's decision on the instant motion.

On January 30, 2012, defendant filed a motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 Motion"), which the Court denied on the merits by Order dated November 21, 2012. Defendant filed a notice of appeal on January 20, 2013, which the U.S. Court of Appeals for the Third Circuit construed as a request for a certificate of appealability and denied on June 6, 2013.

On October 10, 2013, defendant filed a *pro se* Motion under Federal Rule of Civil Procedure 60(b) and (d) and under the All Writs Act, 28 U.S.C. § 1651 ("Rule 60 Motion"), arguing, *inter alia*, that the Court lacked subject-matter jurisdiction to convict or sentence him under 18 U.S.C. § 922(g)(1) because that statute is unconstitutional as applied to him.[1]

The Court denied defendant's Rule 60 Motion as a second or successive habeas motion by Order dated February 25, 2014. The Court concluded, *inter alia*, that defendant's claim that the Court lacked subject-matter jurisdiction to convict or sentence him "constitutes a second or successive habeas motion because it 'seeks to collaterally attack [his] underlying conviction.'" Order at 4, Feb. 24, 2014, ECF No. 837 (citing *Pridgen v. Shannon*, 380 F.3d 721, 727 (3d Cir. 2004)). As such, defendant was required to file an application in the U. S. Court of Appeals for the Third Circuit seeking authorization for this Court to consider his Motion. *Id.* (citing *Pridgen*, 380 F.3d at 725). Because defendant failed to obtain such authorization, the Court dismissed

---

[1] Defendant states in the instant Motion that he was not arguing in his Rule 60 Motion that the statute was facially unconstitutional, but rather that, as applied to him, the "'past movement' hook in the indictment fouls both Constitutional and statutory muster." Def.'s Mot. for Reconsideration at 5. In either event, the relevant fact for purposes of his Rule 60 Motion and the instant Motion remains unchanged: defendant is collaterally attacking his underlying conviction, not this Court's disposition of his § 2255 Motion.

2

defendant's Rule 60 claims without prejudice to defendant's right to seek authorization from the U. S. Court of Appeals for the Third Circuit. *Id.*

The Court also dismissed defendant's claims under the All Writs Act, 28 U.S.C. § 1651, concluding that, because defendant could have brought his claims under 28 U.S.C. § 2255, they did not fall into a "gap" in post-conviction remedies and therefore the All Writs Act was inapplicable. *Id.* at 5 (citing *United States v. Hannah*, 174 Fed. App'x 671, 673 (3d Cir. 2006)).

On March 31, 2014, defendant filed the instant Motion for Reconsideration, asking that this Court reconsider its ruling that his Rule 60 Motion was a second or successive habeas petition.

### III. LEGAL STANDARD

The purpose of a motion for reconsideration of an order is to correct manifest errors of law or fact, or to present newly discovered evidence. *Max's Seafood Café v. Max Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). A prior decision may be altered or amended only if the party seeking reconsideration establishes at least one of the following grounds: (1) an intervening change in controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Id.* "Because federal courts have a strong interest in finality of judgments, motions for reconsideration should be granted sparingly." *Cont. Cas. Co. v. Diversified Indus., Inc.*, 884 F. Supp. 937, 943 (E.D. Pa. 1995).

Moreover, a motion for reconsideration "addresses only factual and legal matters that the Court may have overlooked. It is improper on a motion for reconsideration to ask the Court to rethink what it had already thought through-rightly or wrongly." *Glendon Energy Co. v. Borough of Glendon*, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993). "The motion for reconsideration

should not be used as a vehicle for endless debate between the parties and the court." *Karr v. Castle*, 768 F. Supp. 1087, 1093 (D. Del. 1991).

## IV. DISCUSSION

Defendant argues that the Court made two errors in its disposition of his Rule 60 Motion: (1) the Court incorrectly concluded "that jurisdiction is a 'merit issue[]' and therefore cannot be raised as a new claim under" Federal Rule of Civil Procedure 60, and (2) the Court incorrectly held that "[i]f an issue cannot be raised via [§] 2255, it cannot be raised at all, rendering the All Writs Act moot." Def.'s Mot. for Recons. at 1. The Court addresses each argument in turn.

### A. Defendant Seeks to Collaterally Attack his Conviction, Not the Court's Disposition of His § 2255 Motion

Defendant claims that the Court erred in concluding that his jurisdictional attack was a second or successive habeas motion. In support, he argues that G*onzalez v. Crosby*, 545 U.S. 524, 534 (2005) held that jurisdictional attacks brought under Rule 60(b) are not attacks on the "merits" and therefore do not constitute second or successive habeas motions. *See* Def.'s Mot. for Recons. at 2. The Court rejects this argument.

In *Gonzalez*, the Supreme Court distinguished between 60(b) motions which attack the underlying judgment of *conviction* from those that attack the integrity of the *habeas* judgment; the former are properly treated as second or successive habeas petitions, whereas the latter are true 60(b) motions.[2] 545 U.S. at 531; see *also Parham v. Klem*, 496 F. App'x 181, 184 (3d Cir. 2012).

---

[2] The *Gonzalez* Court was careful to note that an attack on the substance of the habeas Court's previous resolution of a claim on the merits constitutes an attack on the underlying judgment of conviction because such an attack is "effectively indistinguishable" from alleging that defendant is entitled to habeas relief. 545 U.S. at 532. Only claims alleging "some defect in the integrity of the federal habeas proceedings" constitute an attack on the habeas judgment itself. *Id.*

4

Defendant's jurisdictional argument in his Rule 60 Motion constitutes an attack on his judgment of conviction — not an attack on the federal habeas proceeding — and therefore the Court properly treated it as a second or successive habeas motion in its February 25 Order. *See In re Cline*, 531 F.3d 1249, 1253 (10th Cir. 2008) (finding that defendant's claim "that the district court lacked jurisdiction to convict or sentence him because the indictment did not describe a 'locus in quo' where the alleged violation occurred" was an "unauthorized second or successive § 2255 claim[]").

Petitioner's confusion undoubtedly stems from the *Gonzalez* Court's statement that a Rule 60(b) motion may properly be used to "preserve[] [the] parties' opportunity to obtain vacatur of a judgment that is void for lack of subject-matter jurisdiction." 545 U.S. at 534. What defendant fails to understand is that the "judgment" referred to by the *Gonzalez* Court in that sentence is the judgment granting or denying the *habeas corpus* petition, not the underlying judgment of conviction. The following sentence in *Gonzalez* makes this clear. *See Id.* ("In some instances, we may note, it is the State, not the habeas petitioner, that seeks to use Rule 60(b), to reopen *a habeas judgment* granting the writ." (emphasis in original omitted) (emphasis added)).

That the *Gonzalez* Court was referring to the *habeas* judgment rather than the underlying judgment in the criminal case is in keeping with the Court's broader holding that a 60(b) motion is proper only when it attacks "the integrity of *the federal habeas proceedings*," *id.* at 532 (emphasis added), and is consistent with subsequent case law. *Hunt v. Paul*, No. 02-cv-164, 2006 WL 1737170, at *11 (N.D. Fla. June 21, 2006) ("[T]he [*Gonzalez*] Court did not recognize the validity of a Rule 60(b) jurisdictional attack on the criminal judgment itself."); *see also Loggins v. Hannigan*, 461 F. App'x 712, 713 (10th Cir. 2012) (concluding that defendant's 60(b) motion, although "ostensibly" challenging only the federal habeas judgment, implicitly attacked

5

the state court's jurisdiction and was therefore a second or successive habeas petition), *cert. denied*, 133 S. Ct. 42 (2012); *Brown v. Moore*, No. 07-cv-022, 2008 WL 906020, at *2 (S.D. Ohio Mar. 31, 2008) ("[T]he claim that the state trial court lacked jurisdiction . . . constitutes a new claim for the invalidity of the conviction. As such it may not be heard by this Court . . . ."); *Lizalde v. United States*, No. 07-cv-5082, 2007 WL 4373287, at *2 (E.D.N.Y. Dec. 10, 2007) ("[P]etitioner principally challenges the court's jurisdiction over the underlying criminal case and demands his release from custody. The issues raised and the relief requested compel the conclusion that the Motion is a second or successive motion . . . .").

There is no question that defendant challenged the Court's jurisdiction over the underlying criminal judgment in his Rule 60 Motion: defendant argued that the statute he was convicted under was unconstitutional as applied to him, and demanded his release from custody. Rule 60(b) Mot. at 10 (ECF No. 830) (requesting relief in the form of: "(1) dismissal of all charges as invalid. (2) immediate release with no supervised release"). As such, the Court correctly concluded that his motion constitutes a second or successive habeas corpus motion requiring authorization from the U. S. Court of Appeals for the Third Circuit. Accordingly, defendant's Motion for Reconsideration on this issue is denied.

### B. Defendant is Not Entitled to Relief Under the All Writs Act

Defendant next argues that the Court incorrectly held that he is not entitled to pursue his claim for a writ of *audita querela* under the All Writs Act, 28 U.S.C. § 1651. Def.'s Mot. for Recons. at 5. Specifically, defendant takes issue with the Court's conclusion that because his claims were cognizable under 28 U.S.C. § 2255, the All Writs Act is inapplicable. Order at 5-6, Feb. 24, 2014, ECF 837. The Court rejects defendant's argument on this issue.

"[A] writ of *audita querela* may not be granted when relief is cognizable under § 2255." *United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir. 2005); *see also In re Rushing-Floyd*, 62 F. App'x 64 (4th Cir. 2003) ("We find that [defendant] is not entitled to such extraordinary relief because she could have raised her claims in a motion under 28 U.S.C. § 2255."); *United States v. Whitehead*, 449 F. App'x 326, 327 (5th Cir. 2011) ("[T]he writ [of *audita querela*] is not available when the prisoner may seek redress under § 2255.").

Furthermore, as the Court stated in its February 25, 2014 Order, "[t]he fact that defendant failed to raise such issues in his first § 2255 motion — or raised such issues but was not granted relief — and therefore must meet the gatekeeping requirements of § 2255," does not alter this conclusion. *See* Order at 5-6, Feb. 24, 2014, ECF No. 837; *see also Massey v. United States*, 581 F.3d 172, 174 (3d Cir. 2009) ("Massey may not seek relief through a petition for a writ of audita querela on the basis of his inability to satisfy the requirements of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") for filing a second or successive § 2255 motion to vacate sentence."); *Hazard v. Samuels*, 206 Fed. App'x 234, 236 (3d Cir. 2006) ("[A] prisoner may not circumvent valid congressional limitations on collateral attacks by asserting that those very limitations create a gap in the post-conviction remedies that must be filled by the common law writs." (quoting *United States v. Valdez-Pacheco*, 237 F.3d 1077, 1080 (9th Cir. 2001))).

In this case, defendant's claims could have been raised under 28 U.S.C. § 2255. *See* 28 U.S.C. § 2255(a) ("A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that . . . *the court was without jurisdiction to impose such sentence* . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." (emphasis added)). The fact that defendant failed to do so and must now satisfy the AEDPA's gatekeeping requirements does not entitle him seek the

7

remedy of the writ of *audita querela* under the All Writs Act. The Court's analysis on this issue in the February 25, 2014 Order is correct. Accordingly, defendant's Motion for Reconsideration of this issue is denied.

## V.   CONCLUSION

For the foregoing reasons, defendant's Motion for Reconsideration is denied. An appropriate order follows.